|   |   |
|---|---|
| NATURAL GROCERS, et al.,<br>Plaintiffs,<br>v.<br>SONNY PERDUE, et al.,<br>Defendants. | Case No. 20-cv-05151-JD<br><br>**ORDER RE MOTION TO INTERVENE**<br>Re: Dkt. No. 29 |

For the request to intervene under Federal Rule of Civil Procedure 24 by the agricultural trade associations and groups, Dkt. No. 29, intervention as of right is denied. The Court assumes that the first three elements of the pertinent four-factor test have been satisfied. *See Oakland Bulk & Oversized Terminal LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020). With respect to the fourth element, the proposed intervenors have not shown that they will not be adequately represented by existing parties, namely the United States defendants. *See id.*

Because the proposed intervenors and the government share the same ultimate objective of upholding the National Bioengineered Food Disclosure Standard, 83 Fed. Reg 65,814 *et seq.* (Dec. 21, 2018), and the government is already acting in this litigation on behalf of that common interest, the proposed intervenors were required to make a "very compelling showing" based on evidence to rebut the presumption of adequacy. *Id.* (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). The proposed intervenors did not proffer any facts to that end, and certainly did not make a compelling showing of inadequacy. This is not a case where the record demonstrates a potential unwillingness or reluctance on the government's part to give its all in seeking to uphold the challenged rulemaking. *See Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 899-900 (9th Cir. 2011).

Permissive intervention is granted in the Court's discretion. Fed. R. Civ. P. 24(b)(1)(B). For the most part, plaintiffs and the United States do not object to permissive intervention. *See* Dkt. Nos. 38, 39. The Court finds that the elements warranting permissive intervention are

1  satisfied, and that potential undue delay or unfair prejudice to the original parties can be managed
2  by conditions, and so are not a reason to deny permissive intervention.  *See* Fed. R. Civ. P.
3  24(b)(3); *Freedom from Religion Found., Inc. v. Geither*, 644 F.3d 836, 843 (9th Cir. 2011)
4  (permissive intervention elements); *City of Oakland*, 960 F.3d at 619-20 (Court has "wide
5  latitude" to impose conditions on permissive intervention).

6  The agricultural groups may address all the claims in the complaint.  To avoid duplicative
7  arguments, the agricultural groups may file a motion or response to a motion seven court days
8  after the government's filing.  They may raise only new or different arguments, and may not
9  repeat the arguments made by the government.  All motion filings by intervenors are limited to 15
10 pages unless the Court has granted a request for additional pages prior to the day the filing is due.
11 Intervenors are advised that additional pages will be permitted sparingly and only on a showing of
12 good cause.  In the unlikely event that discovery is warranted in this administrative record case,
13 intervenors may not propound any discovery requests without the Court's prior approval.

14 The parties and intervenors are directed to meet and confer on a proposed scheduling order
15 that accounts for the timing of intervenors' motion filings.  They should also propose an agreed-
16 upon number of additional pages for plaintiffs to respond to intervenors' filings.  The parties are
17 advised that cross-motions for summary judgment are disfavored because they needlessly multiply
18 the proceedings with little substantive value.  The proposed scheduling order should contemplate
19 one summary judgment motion by plaintiffs, who carry the burden of persuasion, and a response
20 by the government and/or intervenors.

21 For all filings, the parties and intervenors are directed to submit one brief per side to the
22 fullest extent possible.  The government is not required to pre-screen its proposed filings with the
23 intervenors, or otherwise share its litigation strategies, in advance of a filing.  The proposed
24 scheduling order is due by July 19, 2021.

25 **IT IS SO ORDERED.**

26 Dated:  June 29, 2021

JAMES DONATO
United States District Judge